**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH A. MAHER, | No. 11-15553 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01887-DLB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Argued and Submitted June 15, 2012
San Francisco, California

Before: HUG, RAWLINSON, and IKUTA, Circuit Judges.

Appellant Joseph Maher appeals the district court's judgment affirming the

decision of the Commissioner of Social Security (Commissioner) denying his

application for disability insurance benefits.  We have jurisdiction pursuant to 28

U.S.C. § 1291 and affirm the district court.

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The administrative law judge's (ALJ's) finding that Maher presented with a severe mental impairment at step two of the sequential analysis did not compel inclusion of those findings in the residual functional capacity (RFC) determination at step five of the analysis.

In *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007), we held "that satisfaction of the step-two threshold requirement that a claimant prove her [mental] limitations are severe is not dispositive of the step-five determination of whether the non-exertional limitations are sufficiently severe such as to invalidate the ALJ's exclusive use of the grids." This holding forecloses Maher's argument because the grids provide for broad categories of limitations rather than incorporation of specific mental limitations. *See id.* If a finding of severe mental impairment at step two does not compel inclusion of specific mental limitations at all, *a fortiori*, it does not compel the ALJ to include any specific mental limitations in the RFC or to present them to the vocational expert for the purposes of determining whether the claimant can perform jobs existing in significant numbers in the national economy.

**AFFIRMED.**